## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ELIZABETH A. GEMPERLINE, Acting Regional Director, Region 1, National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner** | |
| **vs.** | |
| **INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, LOCAL 7, AFL-CIO, Respondent** | |
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 103, Respondent** | |
| **PIPEFITTERS ASSOCIATION OF BOSTON, LOCAL 537, A/W UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, Respondent** | **C.A. No. 1:16-cv-10621** |
| **INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS & HELPERS, LOCAL 29, Respondent** | |
| **PLUMBERS & GASFITTERS UA LOCAL 12, Respondent** | |

## PETITION FOR TEMPORARY INJUNCTION UNDER
## SECTION 10(l) OF THE NATIONAL LABOR RELATIONS ACT

Comes now Elizabeth A. Gemperline, Acting Regional Director for Region 1 of the

National Labor Relations Board (the "Board"), and petitions this Court for and on behalf of the

Board, pursuant to Section 10(l) of the National Labor Relations Act, as amended, ("the Act")

(29 U.S.C. § 160(l)), for appropriate injunctive relief pending the final disposition of the matters

involved herein pending before the Board on the Consolidated Complaint and Notice of Hearing

of the General Counsel of the Board in Case Nos. 01-CE-165425 and 01-CE-171941, alleging that International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, Local 7, AFL-CIO ("Respondent Iron Workers"); International Brotherhood of Electrical Workers, Local 103 ("Respondent Electrical Workers"); Pipefitters Association of Boston, Local 537, a/w United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Respondent Pipefitters"); International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, Local 29 ("Respondent Boilermakers"); International Brotherhood of Teamsters, Local 25 ("Teamsters"); and Plumbers & Gasfitters UA Local 12 ("Respondent Plumbers"), collectively referred to as "the Unions," have engaged in, and continue to engage in, unfair labor practices in violation of Section 8(e) of the Act,  29 U.S.C. § 158(e).  Petitioner has filed in support of this Petition an Appendix of Exhibits, which includes sworn testimony and documentary evidence.[1]  Further, in support of the Petition, Petitioner respectfully shows as follows:

1.      Petitioner is the Acting Regional Director of Region 1 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board.

2.      Jurisdiction of this Court is invoked pursuant to Section 10(l) of the Act.

3.      On December 4, 2015, the Charging Party, Sterling Equipment, Inc. ("Sterling") filed a charge in Case No. 01-CE-165425 alleging that the Unions had engaged in, and are engaging in, unfair labor practices within the meaning of Section 8(e) of the Act.  Ex. A.  On February 9, 2016, Sterling filed an amended charge in Case No. 01-CE-165425.  *Id.*  On March 17, 2016, Sterling filed a charge in Case No. 01-CE-171941 alleging that Respondent Iron Workers, Respondent Electrical Workers, and Respondent Boilermakers had engaged in, and are engaging in, unfair labor practices within the meaning of Section 8(e) of the Act.  *Id.*

---

[1] References to the Appendix of Exhibits are designated as "Ex.__."

4.      The aforesaid charges were referred to the Acting Regional Director of Region 1 of the Board.  Following an investigation of the allegations in which the Unions were given the opportunity to present evidence and legal argument, the Acting Regional Director, on behalf of the General Counsel of the Board, pursuant to Section 10(b) of the Act, issued an Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing (the "Complaint") on March 21, 2016, alleging that the Unions engaged in, and are engaging in, unfair labor practices as charged within the meaning of Section 8(e) of the Act.  Ex. B.  The hearing is scheduled for May 2, 2016.  *Id.*

5.      On March 30, 2016, the Teamsters entered into a Stipulation with the Board and Sterling in which the Board agreed not to initiate 10(l) proceedings against the Teamsters and the Teamsters agreed to cease and desist from maintaining or enforcing the disputed provisions in the Project Labor Agreement pending the administrative adjudication of Case Nos. 01-CE-165425 and 01-CE-171941.  Ex. S.  Respondent Iron Workers, Respondent Electrical Workers, Respondent Pipefitters, Respondent Boilermakers, and Respondent Plumbers, collectively referred to as "Respondent Unions," did not enter into the Stipulation.  *Id.*

6.      Based upon the evidence offered during the investigation of the unfair labor practice charges described above in paragraph 3, Petitioner has reasonable cause to believe that the allegations contained in the Complaint are true, and that Respondent Unions have engaged in, and are engaging in, unfair labor practices within the meaning of Section 8(e) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act, for which a remedy will be ordered by the Board.  However, Petitioner also has reasonable cause to believe that the Board's order for such remedy will be frustrated without the injunctive relief sought herein. Petitioner asserts that there is substantial likelihood of success in prevailing in the underlying

administrative proceedings in Case Nos. 01-CE-165425 and 01-CE-171941 and establishing that Respondent Unions have engaged in, and are engaging in, unfair labor practices in violation of Section 8(e) of the Act.  In support thereof, and of the request for temporary injunctive relief, Petitioner, upon information and belief, shows as follows:

(a)     At all material times, Iberdrola Energy Projects, Inc. ("Iberdrola") has been a corporation with an office and place of business in Salem, Massachusetts and has been a contractor in the design, procurement, and construction of a natural gas-fired electricity generation plant in Salem, Massachusetts.

(b)     (i)     Annually, Iberdrola, in conducting its operations described above in paragraph (a), purchases and receives at its Salem, Massachusetts facility goods and/or services valued in excess of $50,000 directly from points outside the Commonwealth of Massachusetts.

(ii)     At all material times, Iberdrola has been an employer engaged in commerce within the meaning of Section 2(5) of the Act.

(c)     At all material times, Respondent Unions have each been labor organizations within the meaning of Section 2(5) of the Act.

(d)     On about April 6, 2015, Iberdrola and Respondent Unions, through their affiliate, North Shore Building and Construction Trades Council of the Metropolitan District, entered into an agreement, which provides:

> It is understood by the parties to this [Project Labor Agreement ("Agreement")] that it is the policy of [Iberdrola Energy Projects, Inc. ("IEP" or the "EPC Contactor")] that the construction work covered by this Agreement shall be contracted only to contractors who agree to execute and be bound by the terms of this Agreement through the Letter of Assent attached as Schedule B, and are or agree to become, signatory to the appropriate Schedule A Agreements for all construction work on the Project. The term "Schedule A Agreements" shall refer to the area local collective bargaining agreements with the Union(s) having jurisdiction over the work to be performed, and which are listed on Exhibit A to this Agreement, as well as those collective bargaining agreements as they may be

4

renewed, extended or amended during the term of this Project.  The EPC Contractor agrees that it shall execute agreements for construction work only with Contractors that have executed the Letter of Assent and the appropriate Schedule A Agreements.  Such Contractors shall require their subcontractors of every tier to also execute the Letter of Assent and the appropriate Schedule A Agreements. IEP shall monitor compliance with this Agreement by all of its Contractors who, together with their subcontractors, have become bound hereto through their execution of this Agreement by signing a Letter of Assent. The scope of this Agreement is limited to work historically recognized as construction work.

> . . . .

## ARTICLE II
## SCOPE OF THE AGREEMENT

Section 1   This Agreement shall apply and is limited to work historically recognized as construction work for the construction of the Footprint Power Plant Project in Salem, MA above performed on behalf of the [Footprint Power Salem Harbor Development, LP, ("Owner")] and under the direction of the EPC Contractor  by Contractor(s) of whatever tier which have contracts awarded for the construction of covered construction work on and after the effective date of this Agreement (the "Construction Work"). . . . The EPC Contractor, and/or Contractors, as appropriate, have the absolute right to select any qualified bidder for the award of contracts under this Agreement, provided, that such bidder is willing, ready and able to execute and comply with this Agreement, should it be designated the successful bidder, and provided further that such bidder is, or agrees to become, signatory to the appropriate Schedule A Agreements with the local Un ion(s) having jurisdiction over the work to be performed.

Section 2. The Construction Work shall not include the following:

> . . . .

c)      Work done off the Site, the prefabrication, manufacture, and modular construction of materials, equipment or machinery, including Turbines, Heat Recovery Steam Generators ("HRSGs"), and Air Cooled Condensers, and Power Distribution Centers.

d)      Except for work described in the Teamster's Side Letter and the delivery of redi-mix concrete (which is included), all deliveries to and from the Site, whether by land or water.

> . . . .

## TEAMSTERS SIDE LETTER
(Locals 42 and 25)

5

> The parties to the Iberdrola Energy Projects, Inc. Project Labor Agreement with the North Shore Building and Construction Trades Council hereby agree that construction will include deliveries of redi-mix concrete to the jobsite, the placement of dumpsters, porta potties, delivery of fleet fuel and, with the best efforts of the respective Construction Managers, the use of owner/operator independent contractor haulers represented by the Teamsters to remove fill from the site. Deliveries from off-site lay down areas to the job site are also construction.

Ex. D.

(e)     (i)     Since August 13, 2015, by Respondent Unions filing and processing a grievance through arbitration alleging that Iberdrola has violated the disputed provisions set forth above and securing an arbitration award for said grievance, the provisions of the agreement described above in paragraph (d) were reaffirmed. Ex. H; Ex. K.

(ii)     Since August 14, 2015, by Respondent Iron Workers filing and processing a grievance alleging that Iberdrola has violated the disputed provisions, the provisions of the agreement described above in paragraph (d) were reaffirmed. Ex. I.

(iii)     Since December 9, 2015, by Respondent Boilermakers and Respondent Electrical Workers, filing and processing grievances alleging that Iberdrola has violated the disputed provisions, the provisions of the agreement described above in paragraph (d) were reaffirmed. Ex. L; Ex. M.

(iv)     Since February 24, 2016, by Respondent Iron Workers, Respondent Boilermakers, and Respondent Electrical Workers entering into a settlement agreement with Sterling and seeking to enforce that settlement agreement, the provisions of the agreement described above in paragraph (d) were reaffirmed. Ex. Q.

(f)     By the conduct described above in paragraphs (d) and (e), Respondent Unions have entered into, maintained, and given effect to an agreement in which Iberdrola has agreed not to do business with another employee or person.

(g)     By the conduct described above in paragraphs (d) through (f), Respondent Unions have been violating Section 8(e) of the Act.

(h)     The unfair labor practices of Respondent Unions described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

7.     It may fairly be anticipated that, unless enjoined, Respondent Unions will continue or repeat the acts and conduct described above in paragraphs 6(d) through 6(f), or similar or like acts and conduct, in violation of Section 8(e) of the Act, thereby continuing to affect commerce within the meaning of Section 2(6) and (7) of the Act. It is therefore essential, appropriate, and just and proper, for the purpose of effectuating the policies of the Act, and in accordance with the provisions of Section 10(l) thereof, that pending final administrative disposition of the matters involved herein now pending before the Board in Case Nos. 01-CE-165425 and 01-CE-171941, that Respondent Unions be enjoined and restrained from the commission of the acts and conduct alleged above, similar acts and conduct, or repetitions thereof.

**WHEREFORE**, Petitioner seeks the following relief with regard to Respondent Unions:

1.     That the Court issue an order directing Respondent Unions to promptly file an answer to the allegations of this petition and to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining Respondent Unions, their officers, agents, representatives, employees, attorneys, and

all persons acting in concert or participation with them, pending the final disposition of the matters involved herein, pending before the Board, to cease and desist from:

(a)       Maintaining and giving effect to the Teamsters Side Letter in the Project Labor Agreement between Iberdrola and Respondent Unions with the object of forcing Iberdrola to cease doing business with Sterling or any other person, insofar as the Project Labor Agreement requires persons doing business within the scope of the Teamsters Side Letter to agree to comply with the terms of the Project Labor Agreement, including the Letter of Assent executed by Sterling, and become signatories to specified collective-bargaining agreements;

(b)       Threatening to enforce, or seeking to give force or effect to the Teamsters Side Letter in the Project Labor Agreement between Iberdrola and Respondent Unions, the Letter of Assent executed by Sterling, or the arbitration award referenced in Paragraph 6(a) of the Board's Complaint, through the pursuit of the grievance and arbitration process, by lawsuit, including but not limited to continued maintenance or pursuit of a motion to enforce settlement agreement or counterclaims in Case No. 1:16-cv-10106-RGS pending before the United States District Court for the District of Massachusetts, or any other manner, with the object of forcing Iberdrola to cease doing business with Sterling or any other person.

2.       That the Court issue an affirmative order directing Respondent Unions to:

(a)       Within ten (10) days of the issuance of the Court's order, post copies of the Court's order in this proceeding at Iberdrola's facility located in Salem, Massachusetts, and at all locations where union notices to employees and members are customarily posted; maintain such postings during the Board's administrative proceeding, free from all obstructions and defacements; all employees shall have free and unrestricted access to said postings; and grant agents of the Board reasonable access to said facilities to monitor compliance with this posting

requirement;

(b)      Within twenty (20) days of the issuance of the Court's order, file with the Court, with copies submitted to the Acting Regional Director of the Board for Region 1, sworn affidavits from responsible officials of Respondent Unions, setting forth with specificity the manner in which Respondent Unions complied and will continue to comply with the terms of this decree, including the location of the documents to be posted under the terms of this decree.

3.      That the Court grant such further and other relief as may be deemed just and proper.

Dated at Boston, Massachusetts,
March 31, 2016

Respectfully submitted,

   /s/ Colleen M. Fleming_____
Colleen M. Fleming
National Labor Relations Board, Region 1
10 Causeway Street, 6th Floor
Boston, Massachusetts  02222
(617) 565-6775
*Attorney for Petitioner*